IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
HONORABLE MARCIA S. KRIEGER

| | |
|---|---|
| Courtroom Deputy: Patricia Glover | Date: July 30, 2010 |
| Court Reporter: Paul Zuckerman | |

Civil Action No. 09-cv-02578-MSK-MJW

| *Parties*: | *Counsel Appearing:* |
|---|---|
| e.DIGITAL CORPORATION, | Natalie Hanlon-Lei |
| | Matt Youngwirth (by phone) |
| Plaintiff, | Jared Briant (by phone) |
| v. | |
| PENTAX OF AMERICA, INC.; | Ashlea Pflug (by phone) |
| HOYA CORPORATION; | Bruce Featherstone |
| HOYA CORPORATION USA; | Matt Collins |
| CANON USA, INC.; | Richard Harris |
| CANON, INC.; | Kevin O'Shea |
| COBY ELECTRONICS CORP.; | John Keville |
| COBY ELECTRONICS CORP.; | |
| DXG TECHNOLOGY (U.S.A.), INC.; | Ming-Tao Yang (by phone) |
| DXG TECHNOLOGY CORPORATION; | |
| HTC AMERICA, INC.; | Jerry Selinger |
| HTC CORPORATION; | |
| IMATION CORPORATION; | Dariush Adli (by phone) |
| KYOCERA COMMUNICATIONS, INC.; | Eric Cohen (by phone) |
| KYOCERA WIRELESS CORPORATION; | |
| KYOCERA INTERNATIONAL, INC.; | |
| KYOCERA CORPORATION; | |
| LEICA CAMERA, INC.; | Joseph Casino (phone) |
| MARANTZ AMERICA, INC.; | Abraham Kasdan (phone) |
| D&M HOLDINGS U.S. INC.; | Scott Llewellyn |
| D&M HOLDINGS, INC.; | |
| NOKIA, INC.; | Richard Holme |
| NOKIA CORPORATION; | Alexas Skucas (by phone) |
| PANASONIC CORPORATION OF NORTH AMERICA; | Mark Francis (by phone) |
| PANASONIC CORPORATION; | |
| SUMMIT TECHNOLOGY GROUP, LLC; | Scott Bialecki |
| SAKAR INTERNATIONAL, INC.; | Ezra Sutton (by phone) |

SAMSON TECHNOLOGIES CORP.;
TEAC AMERICA, INC.;
VTECH ELECTRNOICS NORTH AMERICA, LLC          Richard Dick (by phone)

      Defendants.

---

## COURTROOM MINUTES

---

HEARING:    Law and Motion

**10:04 a.m.    Court in session.**

The Court addresses setting the Markman hearing and the joint claim construction statement.

Counsel confirm that all defendants take the same position with regard to the joint construction statement.

One counsel will serve as lead counsel for all defendants at this proceeding as well as the Markman Hearing.

The Court addresses presentation of extrinsic evidence. Counsel may stipulate to facts but the Court will not rely on declarations. Facts that will be elicited in testimony about which no stipulation has been reached, live testimony will be necessary.

Statements from counsel Featherstone and Youngwirth.

The Court addresses the time needed for the hearing.

Counsel agree that one day is sufficient for the Markman hearing.

**ORDER:**    One day Markman Hearing set **January 28, 2011 at 8:30 a.m.**, in Courtroom A901, 901 19th Street, Denver, CO. Six hours will be split evenly between the parties and the time will be tracked on the chess clock by the Courtroom Deputy. The parties must exchange exhibits no later than the Friday before the hearing and will prepare a joint exhibit list and exhibit book(s) for use at the hearing.

The Court addresses Motion to Exclude (**Doc. #298**).

Statement from Mr. Featherstone.

**ORDER:** Motion to Exclude (**Doc. #298**) is **GRANTED** in part and **DENIED** in part. It is **GRANTED** insofar as it refers to a declaration of inventor El wood Norris. It is **DENIED** with leave to renew at the time of the hearing depending upon the evidence that is proffered by the plaintiff.

The Court addresses status of the scheduling order relative to discovery.

Statements from counsel Yungwirth and Featherstone.

Oral motion from plaintiff's counsel to lift the stay with regard to further discovery.

**ORDER:** Plaintiff's request to be relieved from the stay with regard to further discovery is **GRANTED**, but the effect of the order is stayed for 21 days. If during the 21 day period counsel enter into an agreement with regard to how they might take an appeal from a construction determination, the Court will reconsider this determination that discovery go forward.

**10:35 a.m.** Court in recess.

**Total Time: 31 minutes.**
**Hearing concluded.**