IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02578-MSK-MJW

e.DIGITAL CORPORATION,

Plaintiff,

v.

PENTAX OF AMERICA, INC.,
HOYA CORPORATION;
HOYA CORPORATION USA;
CANON USA, INC.;
CANON, INC.;
COBY ELECTRONICS CORP.;
DXG TECHNOLOGY (U.S.A.), INC.;
DXG TECHNOLOGY CORPORATION,
HTC AMERICA, INC.;
HTC CORPORATION;
IMATION CORPORATION;
KYOCERA COMMUNICATIONS, INC.;
KYOCERA INTERNATIONAL, INC.;
KYOCERA CORPORATION;
KYOCERA WIRELESS CORPORATION;
LEICA CAMERA, INC.;
MARANTZ AMERICA, INC.;
D&M HOLDINGS U.S. INC.;
D&M HOLDINGS, INC.;
NOKIA, INC.;
NOKIA CORPORATION;
PANASONIC CORPORATION OF NORTH AMERICA;
PANASONIC CORPORATION;
SAKAR INTERNATIONAL, INC.;
SAMSON TECHNOLOGIES CORP.;
SUMMIT TECHNOLOGY GROUP, LLC;
TEAC AMERICA, INC.; and
VTECH ELECTRONICS NORTH AMERICA, LLC;

Defendants.

---

**MINUTE ORDER**

---

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that Defendants' Combined Motion for Protective Order to Reinstate the Stay of Discovery and Supporting Memorandum (docket no. 309) is **DENIED** for the following reasons.

On July 30, 2010, Judge Krieger conducted a hearing to address additional scheduling issues, and she set a Markman Hearing for January 28, 2011 at 8:30 a.m. See docket no. 306. At this hearing, Judge Krieger ordered:

> Plaintiff's request to be relieved from the stay with regard to further discovery is GRANTED, but the effect of the order is stayed for 21 days. If during the 21 day period counsel enter into an agreement with regard to how they might take an appeal from a construction determination, the Court will reconsider this determination that discovery go forward.

See courtroom minutes, docket no. 306.

The 21-day period set out by Judge Krieger in her Order above has lapsed, and no proposed agreement on how the parties might take an appeal from a construction determination was offered to Judge Krieger. It is clear that Judge Krieger was aware of the Rule 16 Scheduling Order dated April 15, 2010, entered by Magistrate Judge Watanabe when she entered her Order above and lifted the stay in this case.

Rule 26(c) of the Federal Rules of Civil Procedure provides that a protective order may be issued only for good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Here, Judge Krieger entered her Order as stated above and reopened general discovery after consideration of Defendants' undue burden argument. See docket nos. 306, 307 at pp. 20-22. The crux of Defendants' argument in the subject motion (docket no. 309) was previously presented to Judge Krieger on July 30, 2010, and was rejected based upon Judge Krieger's Order above. Accordingly, the Defendants have failed to meet their burden to show good cause for re-imposing the stay of discovery.

Date: September 17, 2010