IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02578-MSK-MJW

e.DIGITAL CORPORATION,

Plaintiff,

v.

PENTAX OF AMERICA, INC.,
HOYA CORPORATION;
HOYA CORPORATION USA;
CANON USA, INC.;
CANON, INC.;
COBY ELECTRONICS CORP.;
DXG TECHNOLOGY (U.S.A.), INC.;
DXG TECHNOLOGY CORPORATION,
HTC AMERICA, INC.;
HTC CORPORATION;
IMATION CORPORATION;
KYOCERA COMMUNICATIONS, INC.;
KYOCERA INTERNATIONAL, INC.;
KYOCERA CORPORATION;
KYOCERA WIRELESS CORPORATION;
LEICA CAMERA, INC.;
MARANTZ AMERICA, INC.;
D&M HOLDINGS U.S. INC.;
D&M HOLDINGS, INC.;
NOKIA, INC.;
NOKIA CORPORATION;
PANASONIC CORPORATION OF NORTH AMERICA;
PANASONIC CORPORATION;
SAKAR INTERNATIONAL, INC.;
SAMSON TECHNOLOGIES CORP.;
SUMMIT TECHNOLOGY GROUP, LLC;
TEAC AMERICA, INC.; and
VTECH ELECTRONICS NORTH AMERICA, LLC;

Defendants.

# ORDER REGARDING
# PLAINTIFF e.DIGITAL CORPORATION'S MOTION TO COMPEL DEFENDANT SAKAR INTERNATIONAL, INC. TO PROVIDE FULL AND COMPLETE RESPONSES TO DISCOVERY REQUESTS (DOCKET NO. 322)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff e.Digital Corporation's Motion to Compel Defendant Sakar International, Inc. to Provide Full and Complete Responses to Discovery Requests (docket no. 322). The court has reviewed the subject motion (docket no. 322), the response by Defendant Sakar International, Inc. (docket no. 343), and the reply (docket no. 355). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

3

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when

4

justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id. See Fed. R. Civ. P. 26(b) and (c);

5. That based upon the Response (docket no. 343) and the Reply (docket no. 355), Defendant Sakar International, Inc. (hereinafter Defendant Sakar), has now responded fully to discovery requests as outlined in the subject motion with the exception of the following discovery requests: Plaintiff's Interrogatories numbered. 5, 6, and 14 and Plaintiff's Request for Production of Document number 7;

6. That Fed. R. Civ. P. 33(b)(4) provides that: "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure;"

7. That Defendant Sakar has failed to offer any justification for its late objections to Plaintiff's interrogatories. See Response (docket no. 343, at p. 4). Defendant Sakar does not offer any "good cause" to rebut the presumption that it waived its objections that were untimely. Under these facts, Defendant Sakar has not met its burden to fall within the exception to Rule 33(b)(4), and its untimely objections are waived; and

8. That as to Plaintiff's Request for Production number 7, I find that Defendant Sakar has fully responded by indicating that "Sakar keeps such documents for three years";

5

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS:**

1. That Plaintiff e.Digital Corporation's Motion to Compel Defendant Sakar International, Inc. to Provide Full and Complete Responses to Discovery Requests (docket no. 322) is **GRANTED IN PART AND DENIED IN PART.** The subject motion is GRANTED as to Plaintiff's interrogatories 5, 6, and 14 and DENIED as to Plaintiff's Request for Production Number 7;

2. That Defendant Sakar International, Inc,. shall provide complete responses to Plaintiff's interrogatories numbered 5, 6, and 14 on or before January 28, 2011;

3. That each party shall pay their own attorney fees and costs for the subject motion. I find under the facts and circumstances that have been presented to this court on the subject motion that an award of expenses would be unjust.

Done this 18th day of January 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE