IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02578-MSK-MJW

e.DIGITAL CORPORATION,

Plaintiff,

v.

PENTAX OF AMERICA, INC.,
HOYA CORPORATION;
HOYA CORPORATION USA;
CANON USA, INC.;
CANON, INC.;
COBY ELECTRONICS CORP.;
DXG TECHNOLOGY (U.S.A.), INC.;
DXG TECHNOLOGY CORPORATION,
HTC AMERICA, INC.;
HTC CORPORATION;
IMATION CORPORATION;
KYOCERA COMMUNICATIONS, INC.;
KYOCERA INTERNATIONAL, INC.;
KYOCERA CORPORATION;
KYOCERA WIRELESS CORPORATION;
LEICA CAMERA, INC.;
MARANTZ AMERICA, INC.;
D&M HOLDINGS U.S. INC.;
D&M HOLDINGS, INC.;
NOKIA, INC.;
NOKIA CORPORATION;
PANASONIC CORPORATION OF NORTH AMERICA;
PANASONIC CORPORATION;
SAKAR INTERNATIONAL, INC.;
SAMSON TECHNOLOGIES CORP.;
SUMMIT TECHNOLOGY GROUP, LLC;
TEAC AMERICA, INC.; and
VTECH ELECTRONICS NORTH AMERICA, LLC;

Defendants.

**MINUTE ORDER**

**Entered by Magistrate Judge Michael J. Watanabe**

It is **ORDERED** that Plaintiff's Motion for Clarification of Amended Scheduling Order (docket no. 346) is **DENIED** for those reasons as outlined in the Defendants' response (docket no. 357) which this court incorporates by reference and for the following additional reasons.

Magistrate Judge Watanabe spent considerable time during the Rule 16 Scheduling Conference discussing with all parties through their counsel the need to have focused discovery requests instead of sweeping discovery requests so that the vendor costs of electronic discovery could be minimized. Fed. R. Civ. P. 1 states: "These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed and administered to secure the just, speedy, and **inexpensive** determination of every action and proceeding." (Emphasis added).

Magistrate Judge Watanabe previously ordered the defendants to produce documents that are directly relevant to the issue of infringement that requires a comparison between the properly construed patent claims and the accused products. Defendants have produced these documents, and the parties thereafter focused on claim construction issues. The claim construction issues are fully briefed, and a Markman Hearing is set before Judge Krieger on January 28, 2011, at 8:30 a.m. for six hours. See docket no. 306.

The Scheduling Order entered by Magistrate Judge Watanabe was entered, in its current form, so that the parties would serve focused discovery requests instead of sweeping discovery requests so that such discovery requests would not be overly burdensome and expensive, not cumulative, and such Scheduling Order is intended to streamline this case to prevent discovery abuse. See Rule 26(b)(2)(C)(iii); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978); McDaniel v. Ohio Nat'l Life Ins. Co., No. 09-cv-02732-PAB-MJW, 2010 WL 4038731, *1 (D. Colo. October 14, 2010)(holding that "district courts have 'broad discretion over the control of discovery . . . .'")(quoting Gaines v. Ski Apache, 8 F.3d726, 730 (10th Cir. 1993)).

Date: January 24, 2011