IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 09-CV-02578-MSK-MJW

**E.DIGITAL CORPORATION;**
    Plaintiff,

v.

**PENTAX OF AMERICA, INC.;**
**HOYA CORPORATION;**
**HOYA CORPORATION USA;**
**CANON USA, INC.;**
**CANON, INC.;**
**COBY ELECTRONICS CORP.;**
**DXG TECHNOLOGY (U.S.A.), INC.;**
**HTC AMERICA, INC.;**
**HTC CORPORATION;**
**IMATION CORPORATION;**
**KYOCERA COMMUNICATIONS, INC.;**
**KYOCERA INTERNATIONAL, INC.;**
**KYOCERA CORPORATION;**
**LEICA CAMERA, INC.;**
**MARANTZ AMERICA, INC.;**
**D&M HOLDINGS U.S. INC.;**
**D&M HOLDINGS, INC.;**
**NOKIA, INC.;**
**NOKIA CORPORATION;**
**PANASONIC CORPORATION OF NORTH AMERICA;**
**PANASONIC CORPORATION;**
**SUMMIT TECHNOLOGY GROUP, LLC;**
**SAKAR INTERNATIONAL, INC.;**
**SAMSON TECHNOLOGIES CORP.; and**
**VTECH ELECTRONICS NORTH AMERICA, LLC;**
    Defendants.

**STIPULATED SUPPLEMENTAL PROTECTIVE ORDER FOR SOURCE CODE**

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of certain discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, this Court entered a *Stipulated Protective Order* on March 30, 2010 (Dkt. 252). In furtherance of Section 14(i) of that Order addressing the production of confidential source code, and pursuant to Fed. R. Civ. P. 26(c), it is HEREBY ORDERED THAT:

With respect to the discovery of Source Code, the Court orders the parties to adhere to the following protocol:

A.   **Definitions**

1.   "Source Code": Any human-readable programming language text that defines software, firmware, or electronic hardware descriptions. Text files containing source code shall hereinafter be referred to as "Source Code Files." Source Code Files include, but are not limited to, files containing source code in C, C++, Java, assembler, VHDL, Verilog, digital signal processor (DSP) and other similar programming languages. Source Code Files further include "make" and "build" files, link files, scripts, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, microcontroller, or DSP.

2.   "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE": Information, documents or other things that (i) may be designated CONFIDENTIAL-OUTSIDE COUNSEL ONLY under the *Stipulated Protective Order* and (ii) contain Source Code.

- 2 -

**B.** <u>Scope</u>

3.  None of the protections conferred by this Order shall obligate the parties to produce, or relieve the parties from producing, any Source Code, or constitute an admission that any particular Source Code is, or is not, discoverable.

4.  Unless otherwise provided herein, Materials designated CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE will be subject to all of the definitions, provisions and restrictions governing materials designated CONFIDENTIAL-OUTSIDE COUNSEL ONLY under the *Stipulated Protective Order*.

**C.** <u>Access To Source Code Material</u>

5.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, The Receiving Party may disclose any information, documents or things designated "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" Material only to the following persons and under the following conditions:

    (a)  Persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

    (b)  Counsel of Record for the Receiving Party and Producing Party;

    (c)  Up to three (3) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order and Supplemental Protective Order," attached hereto as Exhibit A;

(d) Witnesses at deposition and/or trial, pursuant to the provisions of paragraphs 23 and 24 of the *Stipulated Protective Order*, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of that Order;

(e) The Court and its personnel;

(f) Any designated arbitrator, mediator, or master who is assigned to hear this matter (or any part thereof), and his or her staff, who have signed the "Agreement To Be Bound By Protective Order and Supplemental Protective Order," attached hereto as Exhibit A;

(g) Court reporters;

6. The Producing Party shall make relevant and properly requested CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE Material available for present inspection on a standalone computer in a secure room ("Standalone Computer").

7. The Standalone Computer shall be maintained in the sole control and custody of the Producing Party or Counsel of Record for the Producing Party, at an office of the Producing Party or Counsel of Record for the Producing Party, or at such other location as shall be mutually agreed upon by the parties.

8. Recording devices, recordable media or other electronic devices (including but not limited to sound recorders, computers, PDAs, landline or cellular telephones, peripheral equipment, cameras, CDs, DVDs, floppy drives, zip drives, thumb drives, USB memory sticks, portable hard drives, BlackBerry® devices, or Dictaphones) are not permitted inside the secure room containing the Standalone Computer.

9. The Standalone Computer shall be a non-networked desktop or laptop computer running a reasonably current version of the Microsoft Windows (XP or later) or Linux operating

system. To the extent possible, all ports, software and other avenues that could be used to copy or transfer Source Code may be blocked.

10. At least one software application that provides source code viewing and text searching capabilities shall be installed on the Standalone Computer. Acceptable applications include but are not limited to Visual Studio Express Edition, Visual Slick Edit, NetBeans IDE, and Eclipse. Should it be necessary, the Producing Party and Receiving Party may agree upon alternate or additional software applications to be installed on the Standalone Computer, but licensed copies of those applications shall be paid for, and provided by, the Receiving Party at least five (5) business days before the Receiving Party's visit to inspect the Source Code.

11. In no event shall a Producing Party be required to provide, support or enable the use of any compilers or simulators in connection with the Source Code.

12. The Producing Party shall make the produced Source Code available electronically and in text-searchable form on the Standalone Computer. Where practicable, the Source Code shall be made available substantially as kept in the ordinary course of business (*e.g.*, preserving the native file formats and directory structures). The Producing Party need not provide the Source Code in executable form. Counsel of Record for the Producing Party may be present in the room during Receiving Party's use of the Standalone Computer and inspection, review and printing of the produced Source Code.

13. Only persons designated under paragraph 5 above shall have access to the Standalone Computer, provided however that the following additional restrictions shall apply to such access:

(a) At least ten (10) business days prior to the date on which access is sought to such Standalone Computer (ten day notice period), Counsel of Record for the Receiving Party shall provide a list of individuals including attorneys seeking to access such Standalone Computer and the Designating Party shall have the right to object to such access in conformity with paragraph 18 of the *Stipulated Protective Order*;

(b) During the pendency of the ten (10) day notice period, no listed individual is entitled to access the Standalone Computer;

(c) If an objection to any specific listed individual is made, that individual shall not have access to the Standalone Computer until resolution of such objection;

(d) The Producing Party shall only be required to make CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE Material available for inspection, upon reasonable advance notice of date and time and upon a reasonable number of occasions, between 9 am and 6 pm local time, Monday through Friday (excluding holidays) until the close of fact discovery in this action; and

(e) Each time a person enters or leaves the secure room with the Standalone Computer, that person must sign a log and indicate the date and time.

14. Proper identification of all authorized persons shall be provided prior to any access to the secure room with the Standalone Computer. Proper identification is hereby defined as a photo identification card sanctioned by the government of a U.S. state, by the United States federal government, or by the nation state of the authorized person's current citizenship. Access to the secure room with the Standalone Computer may be denied, at the discretion of Producing Party, to any individual who fails to provide proper identification.

15.   The Receiving Party shall not have the right to, and agrees not to, copy, transmit or duplicate CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE materials in any manner, including scanning, emailing or otherwise creating an electronic image of the CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE materials, except as set forth herein or required by the Court's ECF rules for filing confidential information under seal.

(a)   The Standalone Computer shall be equipped to print the Source Code onto production-numbered paper labeled CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE, which shall be provided by the Producing Party.

(b)   The Receiving Party shall only print those limited portions of the Source Code specifically necessary for a case activity (*e.g.*, evidence for trial, exhibit for a deposition or expert report or analysis by an expert in preparation for the same). Counsel for the Producing Party shall make a personal copy of the printed Source Code and supply Counsel for the Receiving Party with all of the original printouts within five (5) business days. Any objections regarding the scope of the printed material can be resolved as follow:

(i) The Producing Party shall have five (5) business days to review the printed Source Code material and provide the Receiving Party with written notice objecting to some or all of the printed Source Code as excessive or not reasonably necessary to any case activity. Upon such notice, such portions of the original printouts of Source Code sent to the Producing Party shall remain in the sole possession of Counsel for the Receiving Party and shall not be made available to Outside Consultants of the Receiving Party.

(ii) If after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is excessive or not reasonably necessary to any case activity.

(c) When supported by the available software, the Receiving Party shall print every page of Source Code with information necessary to later identify that Source Code, such as with a header that identifies the file name and directory path; otherwise, the Receiving Party shall provide the Producing Party with a log that correlates each printed page with such identifying information.

(d) *Upon notice to the Producing Party, the Receiving Party may make up to two (2) hard copies of any Source Code material received from the Producing Party for use by its attorneys and Outside Consultants.* The Producing Party shall ensure that any copies it provides include a production number and CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE designation (*i.e.*, they are not cut off or unreadable).

(e) No more than five hundred (500) pages of Source Code for any software release may be in printed form in the Receiving Party's possession at any one time (excluding copies). If the Receiving Party determines that more than five hundred (500) pages of Source Code for any software release is specifically necessary, the parties shall meet and confer, after which the Receiving Party shall be entitled to seek a Court resolution of whether the Source Code in question is specifically necessary for a case activity.

16. As an alternative to making CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE material available for inspection on a Standalone Computer, a Producing Party

may, at its sole, absolute and unchallengeable discretion, provide CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE material on CD-ROM (or on such other format as may be necessary and agreed to by the Producing Party and the Receiving Party). One copy of the CD-ROM shall be produced to Counsel of Record for the Receiving Party. Counsel of Record may load the CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE materials onto a single stand-alone, non-networked, password protected computer, which shall not be connected to any peripheral device other than a monitor, keyboard, mouse, and printer. While in use, the computer and such CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE materials shall not be left unattended by the Receiving Party. When not in use, the CD-ROM and the computer shall be stored in a secured, locked area at the offices of Counsel of Record. Should the CD-ROM become damaged, the Producing Party shall exchange the damaged CD-ROM for an undamaged CD-ROM.

17. With respect to printing of Source Code from the Producing Party's CD-ROM, the following conditions apply:

(a) The Receiving Party may print out Source Code material for use by its attorneys and Outside Consultants. Each page must be marked with the CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE designation and production-numbered in a manner agreed upon by the Producing Party and Receiving Party;

(b) When supported by the available software, the Receiving Party shall print every page of Source Code with information necessary to later identify that Source Code, such as with a header that identifies the file name and directory path; otherwise, the Receiving

Party shall provide the Producing Party with a log that correlates each printed page with such identifying information.

(c) The Receiving Party may make up to three (3) copies of any printed Source Code material for use by its attorneys and Outside Consultants. The Receiving Party shall ensure that any copies it makes include the production number and CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE designation (*i.e.*, they are not cut off or unreadable).

(d) No more than five hundred (500) pages of Source Code for any software release may be in printed form in the Receiving Party's possession at any one time (excluding copies). If the Receiving Party determines that more than five hundred (500) pages of Source Code for any software release is specifically necessary for a case activity, the parties shall meet and confer, after which the Receiving Party shall be entitled to seek a Court resolution of whether the Source Code in question is specifically necessary for a case activity.

(e) The Receiving Party should provide the Producing Party with a copy of all printed Source Code materials within two (2) business days of the Producing Party's request. This copy is not subject to the limitations of paragraph 16(c) above.

18. Instead of electronic production via a Standalone Computer or CD-ROM, if a Producing Party's total production of CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE material does not exceed one hundred (100) printed pages in length, the Producing Party may at its sole, absolute and unchallengeable discretion produce Source Code to the Receiving Party in printed form, with each page containing a production-number and

CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE designation. Upon request, the Producing Party shall provide Receiving Party up to three (3) copies of the Source Code material for use by its attorneys and Outside Consultants.

19.  All electronic or physical CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE materials, including all copies, in the possession of the Receiving Party shall be maintained in a secured, locked area.

20.  The Receiving Party's Outside Counsel or Outside Consultants may take notes or generate reports during inspection of the Source Code or when reviewing hard copies of the Source Code, but any such notes containing Source Code information shall be treated as CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE Material.

21.  All CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE materials utilized during a deposition or marked as an exhibit at a deposition will be retrieved by the party conducting the deposition at the end of each day. At no time, will any CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE material be given to or left with the Court Reporter or any other individual following a deposition.

22.  The Receiving party shall not convert any of the Source Code materials into an electronic format, except when reproducing excerpts of the information in an expert report or a court filing, and then only according to the provisions governing CONFIDENTIAL-OUTSIDE COUNSEL ONLY materials contained in the *Stipulated Protective Order*. In no event may Source Code be scanned using optical character recognition ("OCR") technology.

23.  The Receiving party shall keep a log including: (a) the custodian of each copy of any CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE materials; (b) the name

of all persons accessing the CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE materials; and (c) the date and time any custodian receives or returns the CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE materials. Within thirty days after the issuance of a final, non-appealable decision resolving all issues in the case, the Receiving Party must serve upon the Producing Party the log and, at the Producing Party's option, either serve upon the Producing Party, or certify the destruction of, all copies of the Producing Party's Source Code. In addition, all persons to whom the copies of the Source Code were provided must certify in writing that all copies of the source code were returned to the counsel who provided them the information and that they will make no use of the Source Code or of any knowledge gained from the source code in any future endeavor.

D. **No Production of Source Code Materials to Other Parties**

24. A Defendant shall not be obligated to produce to any other Defendant any material that has been designated CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE. The Receiving Party may not disclose CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE material to any Party in this action that is not the Producing Party.

E. **Use Of Designated Material**

25. In addition to the provisions of paragraph 17 in the *Stipulated Protective Order*, any Outside Consultants retained on behalf of a Receiving Party who is to be given access to a Producing Party's Source Code (whether in electronic form or otherwise) must agree in writing not to perform software development work directly or indirectly intended for commercial purposes relating to methods for and/or devices capable of recording audio signals on flash memory for a period of one year after the issuance of a final, nonappealable decision resolving

all issues in the case. This shall not preclude such expert consultants from consulting in future litigation, so long as such consulting does not involve software development work directly or indirectly intended for commercial purposes relating to methods for and/or devices capable of recording audio signals on flash memory.

26.     Access to and review of the Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in the above-styled case. No person shall review or analyze any Source Code for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing Source Code in this case in any other pending or future dispute, proceeding, or litigation.

**F.     Non-Party Use of This Protective Order**

27.     A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.

28.     A non-party's use of this Protective Order to protect its "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" Materials does not entitle that non-party access to "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" Materials produced by any Party in this case.

**G.     Export Control Requirements**

29.     The parties acknowledge that CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE received under this Order may be subject to export controls under the laws of the United States and other applicable laws, and to ensure the confidentiality of the

CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE material as well as compliance with any applicable laws:

(a)   No CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE material produced in this action shall be electronically or physically exported or transferred outside the United States.

(b)   The Receiving Party agrees to maintain adequate controls to prevent nationals of countries listed in the EAR, Part 740 Supplement No. 1, Country Group D:1 or E from accessing the Producing Party's CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE, subject to ECCN 5E001; or nationals outside the U.S. and Canada from accessing such CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE material, subject to ECCN 5E002, without U.S. Government authorization.

(c)   The Receiving Party furthermore, agrees to notify the Producing Party prior to granting a foreign national, of countries listed in the groups D:1 or E, access to the Standalone Computer, access to hard copes of CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE, or placement on a project requiring receipt or review of the Producing Party's CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE. The term "national" is defined as any person who is not a U.S. person or national/citizen, lawful permanent resident, person granted asylee or refugee status, or temporary resident granted amnesty.

**H.   Miscellaneous**

30.   The United States District Court for the District of Colorado is responsible for the interpretation and enforcement of this *Supplemental Protective Order For Source Code.* All

disputes concerning Designated Material produced under the protection of this Order shall be resolved by the United States District Court for the District of Colorado, *Until Termination of This Case.* Every individual who receives any Designated Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

*MJW 6-6-11*

31. The Court reserves the right, upon Motion or upon its own Motion, to amend or modify this *Stipulated Supplemental Protective Order for Source Code* for good cause shown.

DONE AND SO ORDERED THIS 6th DAY OF June, 2011.

_____
Michael Watanabe
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER AND SUPPLEMENTAL PROTECTIVE ORDER FOR SOURCE CODE

I, _____ [print or type full name], state:

1. I reside at _____;

2. My present employer is _____;

3. My present occupation or job description is _____;

4. I agree to keep confidential all information provided to me in the matter of e.Digital Corporation v. Pentax of America, Inc., et al., Civil Action No. 09-cv-2578-MSK-MJW in the United States District Court for the District of Colorado, and to be subject to the authority and jurisdiction of that Court in the event of any violation or dispute related to this agreement.

5. I agree to use any confidential information provided to me in this matter for the purposes of this litigation only, and will not use such information in any other way.

6. I have been informed of and have reviewed the *Stipulated Protective Order* and the *Stipulated Supplemental Protective Order for Source Code* entered in this case, and I will not divulge any information, documents or things that are subject to the *Stipulated Protective Order* or the *Stipulated Supplemental Protective Order for Source Code* except in accordance with the provisions of those Orders.

7. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____


_____
[printed name]


_____
[signature]